UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KURT MADSEN,                        )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   Civil Action No. 14-1716 (RMC)
                                    )
WILLIAM SMITH,                      )
                                    )
        Respondent.                 )
_____ )

**MEMORANDUM AND ORDER**

On December 10, 2014, the respondent filed a motion to dismiss the petitioner's petition for a writ of habeas corpus. The respondent argued that the petitioner had been arrested in the District of Columbia on a fugitive charge that had been resolved, and that petitioner's challenge to the legality of his State-court conviction should be dismissed or transferred. Notwithstanding the Court's January 5, 2015 Order advising the petitioner of the consequences if he failed to file a response to the motion by February 5, 2015, the petitioner did not file an opposition or a request for additional time to do so. On February 20, 2015, the Court denied the petition for a writ of habeas corpus and dismissed this action without prejudice. *See Madsen v. Smith*, No. 14-1716, 2015 WL 739511 (D.D.C. Feb. 20, 2015).

Now before the Court is petitioner's Motion for Reconsideration and Withdraw [sic] of Dismissal, Affidavit, Request for Service of USA, and Change of Address. The Court treats the

petitioner's motion as one to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure and to reopen this case.[1]

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted). None of these circumstances is evident, and the petitioner's motion merely recounts petitioner's arrest, detention at the D.C. Jail, extradition to the State of Washington, and proceedings in the Washington courts.

Insofar as petitioner brings this habeas action under 28 U.S.C. § 2241, he may not proceed in this forum. This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and neither the petitioner nor his current custodian is located in the District of Columbia. Furthermore, because the petitioner has been returned to the State of Washington, any matter pertaining to his custody in the District of Columbia is moot.

Accordingly, it is hereby

**ORDERED** that the petitioner's motion for reconsideration, as well as his requests to reopen this action and to serve the respondent, are **DENIED**.

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The petitioner signed his motion for reconsideration on March 20, 2015, or 28 days after entry of the February 20, 2015 Order. The Court therefore treats the motion as if it were filed on March 20, 2015.

**SO ORDERED**.

Date: May 7, 2015                                                                    /s/
                                                                    ROSEMARY M. COLLYER
                                                                    United States District Judge