UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KURT MADSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1716 (RMC) |
| | ) | |
| WILLIAM SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After this habeas suit was dismissed without prejudice due to failure to respond to a motion to dismiss, Petitioner Kurt Madsen filed a motion for recusal of this Judge. As explained below, the motion will be denied.

Mr. Madsen filed a petition for habeas corpus, and the United States moved to dismiss. Petition [Dkt. 1]; Mot. to Dismiss [Dkt. 8]. Respondent explained that Mr. Madsen was arrested in the District of Columbia on a fugitive charge, the fugitive charge was dismissed, and Mr. Madsen was released. As a result, Respondent argued that the habeas petition challenging the legality of the fugitive charge is moot. Respondent also argued that Mr. Madsen's additional challenge to the legality of his conviction in Washington State Court should be dismissed or transferred. The Court ordered Mr. Madsen to file a response to the motion to dismiss by February 6, 2015, warning him that if he failed to timely respond the Court would treat the motion as conceded and might dismiss the case. Order [Dkt. 9]. Petitioner did not file an opposition, and on February 20, 2015, the Court deemed the motion to be conceded, denied the habeas Petition, and dismissed the case without prejudice. *See* Opinion [Dkt. 10]; Order [Dkt.

1

11]. Mr. Madsen moved for reconsideration, but the Court denied the motion, noting that the Court could not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction. *See* Order [Dkt. 14] (citing *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)). Because neither the petitioner nor his current custodian is located in the District of Columbia, the Court lacks jurisdiction to adjudicate the habeas petition challenging his custody in the State of Washington. *See id*.

After the Court denied the motion for reconsideration, Mr. Madsen moved for permission to obtain a password for filing on the Case Management/Electronic Case Filing (CM/ECF) system, and the Court denied the motion as moot. Minute Order filed May 5, 2015. Mr. Madsen filed a notice of appeal. Notice of Appeal [Dkt. 16]. The Court denied a certificate of appealability because Mr. Madsen did not make a substantial showing of the denial of a constitutional right. *See* Order [Dkt. 19].

Mr. Madsen now seeks judicial recusal under 28 U.S.C. § 455, complaining generally about this Court's rulings, *see, e.g.*, Mot. for Recusal [Dkt. 22] at 2-8, and alleging that this Judge is "partial toward Respondent," *see id*. at 4. He complains that he was denied a CM/ECF password and that this Judge should "have more important things to do [than] decide who can and cannot have ECF access, where is 'Equal Protection Under the Law' [where] the opposing party is permitted access to ECF [?]." *Id*. at 19. He asserts a right to "equal Electronic Court Filing Access" without "the biased and prejudicial abridgment of waiting for a determination of 'Let this be Filed' or rejections by her 'majesty.'" *Id*. at 27.

Section 455 provides in pertinent part:

(a) Any justice, judge, or magistrate of the Unites States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

2

>> (b) He shall also disqualify himself in the following circumstances:
>>
>>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a) & (b)(1).  A party need not demonstrate actual bias or prejudice to justify recusal, but must aver facts that "might reasonably cause an objective observer to question [the judge's] impartiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). A judge's sworn duty is to judge with fairness and impartiality, and absent a showing otherwise, a judge is presumed to be impartial. *See Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003).

The standard under § 455(a) is an objective one—*i.e.*, a judge should recuse herself only if there "is a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality." *United States v. Heldtl*, 668 F.2d 1238, 1271 (D.C. Cir. 1981).  Further, a motion to recuse must be supported by *facts* which would raise a reasonable inference of partiality.  *United States v. Lopez*, 944 F.2d 33, 37 (1st Cir. 1991).  "A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations." *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992).  To show bias or prejudice sufficient to justify disqualification, a movant must show either (1) the court has relied on an "extrajudicial source," *i.e.*, a source outside the proceeding at hand, in making its rulings; or (2) the court holds "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 545, 555 (1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion" because "they cannot possibly show reliance upon an extrajudicial source and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is

involved." *Id.* (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  Prior rulings "are proper grounds for appeal, not for recusal." *Id.* at 555.

Mr. Madsen claims that this Judge is biased in favor of Respondent, but he fails to point to any facts which would raise a reasonable inference of partiality.  *See Heldtl*, 668 F.2d at 1271; *Lopez*, 944 F.2d at 37.  Instead, he complains about prior judicial rulings, particularly the Court's denial of his motion for a CM/ECF password.  Judicial rulings, however, usually do not constitute a valid basis for recusal, *see Liteky*, 510 U.S. at 555, and they do not reveal any bias here.  Because there is no evidence that the Court has any bias or prejudice based on any extrajudicial source or that the Court harbors a deep-seated favoritism or antagonism that would make fair judgment impossible, the motion for recusal will be denied.

Accordingly, it is hereby

**ORDERED** that Petitioner's motion for recusal [Dkt. 22] is **DENIED**.


Date:  July 30, 2015                                /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge